UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS D. HALE, a/k/a RHEA HALE, a/k/a SITI DARA ROBERTSON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No.: 1:16-CV-106-TRM-CHS<br>)<br>) |
| BILLY DOUG COOK; DERRICK D. SCHOFIELD; JASON WOODALL; EDWARD LEE MOORE; MICHAEL WILLIAMS; STATE OF TENNESSEE; RODNEY FRAZIER, a/k/a RODNEY MAZE, a/k/a RODNEY MASE; and TONY PARKER, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

The Court has before it a pro se state prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* [Docs. 1, 4]. Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-34, §§ 801-10, 110 Stat. 1321, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought an action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

While incarcerated, Plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim. *See Hale v. Boyd*, No. 1:94-cv-0141 (M.D. Tenn. Sept. 14, 1994) (case dismissed as frivolous); *Hale v. Williams*, No. 1:94-cv-0145 (M.D. Tenn. Sept.

20, 1994) (case dismissed as frivolous); *Hale v. Rhea*, No. 3:94-cv-0812 (M.D. Tenn. Sept. 19, 1994) (case dismissed as frivolous); *Hale v. Long*, No. 1:95-cv-0111 (M.D. Tenn. May 2, 1996) (case dismissed as frivolous); *Hale v. Long*, No. 1:06-cv-1109 (W.D. Tenn. June 26, 2007) (case dismissed for failure to state a claim); *see also Hale v. NWCX*, No. 1:11-cv-1083 (W.D. Tenn. Dec. 28, 2011) (order listing Plaintiff's §1915(g) cases, denying him *in forma pauperis* status, and directing him to pay the full filing fee); *Hale v. Steele*, No. 3:12-cv-0476 (M.D. Tenn. May 18, 2012) (order listing Plaintiff's §1915(g) cases, denying him *in forma pauperis* status, and directing him to pay the full filing fee).

The Court has reviewed Plaintiff's complaint. The claims presented therein are that Defendants and several other individuals at the Deberry Special Needs Facility have been retaliating against him since 2013, that he has been sleeping on a steel bed for more than a month, and that he has been forced to stand nude in front of a female officer at the Hardeman County Correctional Complex [Doc. 1 p. 3].

Clearly, none of these contentions possibly could qualify for the § 1915(g) "serious physical injury" exception. Serious physical injury must exist at the time the complaint is filed. *Rittner v. Kinder*, 290 Fed. App'x 796, 797 (6th Cir. 2008). Plaintiff was housed at the Bledsoe County Correctional Facility when the complaint was filed; thus, allegations that he was retaliated against at the Deberry Special Needs Facility or forced to stand nude at the Hardeman County Correctional Facility do not show an impending "serious physical injury." *Id*. at 797–98 (finding "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception").

While Plaintiff's bald assertion that he has been sleeping on a steel bed for more than a month may be connected to his current confinement conditions, he alleges no injury therefrom

2

which would rise to the level required to meet the exception as he has offered only "naked assertion[s] devoid of further enhancement." *Taylor v. First Med. Mgmt.*, 508 Fed. App'x 488, 492 (6th Cir. 2012) (citations and internal quotation marks omitted). Such contentions do not warrant the application of § 1915(g)'s imminent-danger exception. *Id.* (noting plaintiff had failed to establish "facts supporting a finding of imminent danger on the date he filed his complaint").

Thus, Plaintiff must pay the entire $400.00 filing fee and may not pay it on an installment basis. *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (finding a "prisoner litigant with three prior strikes is not entitled to the pauper privileges generally provided by § 1915 and, more specifically, may not use the periodic payment procedure set forth in § 1915(b)").

Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED** [Doc. 4]. Plaintiff's case will be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's filing a new complaint accompanied by the full filing fee.

**A SEPARATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**